IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Craig B. Shaffer

Civil Action No. 05-cv-02434-CBS-PAC

PIONEER NATURAL RESOURCES COMPANY, a Delaware corporation,
    Plaintiff,
v.

DONALD GATZA,
MARGIE GATZA, as husband and wife, and
TODD GATZA,
    Defendants.

---

MEMORANDUM OPINION AND ORDER

---

This civil action comes before the court on: (1) Pioneer Natural Resources Company's ("Pioneer's") Motion to Dismiss Defendants' 42 U.S.C. § 1983 Counterclaims . . ." (filed February 13, 2006) (doc. # 12); and Pioneer's Motion for Partial Summary Judgment" (filed March 23, 2006) (doc. # 22).  On February 21, 2006, the above-captioned case was referred to Magistrate Judge Craig B. Shaffer to handle all dispositive matters including trial and entry of a final judgment in accordance with 28 U.S.C. 636(c), Fed. R. Civ. P. 73, and D.C. COLO. LCivR 72.2.  (*See* doc. # 17).  The court has reviewed the motions, Defendants' Responses (filed March 6, 2006 and April 12, 2006) (docs. # 20 and # 27), Pioneer's Reply (filed March 21, 2006) (doc. # 21), the exhibits and affidavits, the entire case file, and the applicable law and is sufficiently advised in the premises.

1

I.     Statement of the Case

Pioneer is a corporation "in the business of exploring, developing, and producing oil and gas" in Las Animas County, Colorado, among other places. (Complaint at p. 1). In April 2000, Defendants Donald and Margie Gatza acquired property ("Subject Land") in Las Animas County that includes a residence, 100% of the surface estate, and 50% of the mineral estate. (Complaint at pp. 1-2; Exhibit 1 to Complaint).[1] Defendants Donald and Margie Gatza took the Subject Land subject to an Oil and Gas Lease dated June 25, 1997 ("Lease"). (*See* Complaint at p. 3; Exhibit 2 to Complaint). Defendants and Pioneer are successors in interest, respectively, of the original lessors and lessee of the Lease. (Complaint at ¶ 11). Under the terms of the Lease, Pioneer has the right to conduct oil and gas activities on the Subject Land. (*See* Complaint at p. 3; Exhibit 2 to Complaint).

In 2004, Pioneer notified Defendants Donald and Margie Gatza that Pioneer would be on the Subject Land conducting surveying operations and drilling an oil and gas well. (Complaint at p. 4). On April 14, 2005, Defendants Donald and Margie Gatza and an employee of Pioneer met and consulted about the drilling site, the right-of-way, the cutting of timber, and noise, among other things. (Complaint at p. 5). On April 14, 2005, Defendants Donald and Margie Gatza signed a "Surface Consultation Form." (Exhibit 6 to Complaint). On August 16, 2005, Pioneer obtained approval to drill on the Subject Land from the Colorado Oil and Gas Conservation Commission. (Complaint at ¶ 27). On August 20, 2005, Defendants Donald and Margie Gatza executed a "Surface Damage Release" and a "Right of Way Agreement." (Exhibits 3 and 4 to Complaint).

In September 2005, Pioneer notified Defendants Donald and Margie Gatza that construction and drilling would commence and that once drilling began, it would last approximately two to four days. (Complaint at pp. 9-10). On September 23, 2005, Pioneer commenced construction on the Subject Land. (Complaint at p. 10). Pioneer commenced drilling on September 26, 2005. (Complaint at p. 10). Six hours after drilling began, at 10:30 p.m., Defendant Donald Gatza confronted Pioneer's workers and directed them to leave the Subject Land. (Complaint at p. 11). Defendant Todd Gatza, carrying a 30.06 rifle, joined Donald Gatza. (Complaint at p. 11). A female accompanying Donald and Todd Gatza videotaped the confrontation. (Complaint at p. 11). Based on the circumstances and the behavior of Donald and Todd Gatza, Pioneer's workers feared for their safety. (Complaint at p. 11). Pioneer's workers shut down the drilling equipment, secured the drilling rig, and left the Subject Land. (Complaint at pp. 11-12). Upon learning of the confrontation with Donald and Todd Gatza, a Pioneer Drilling Superintendent contacted the Las Animas County Sheriff's Department. (Complaint at p. 12). Sheriffs Martinez and Dingus met with one of Pioneer's workers. (Complaint at p. 12). Sheriffs Martinez and Dingus then went to the Subject Land and met with Donald and Todd Gatza. (Complaint at p. 12). Sheriffs Martinez and Dingus arrested Donald and Todd Gatza and charged them with felony menacing. (Complaint at p. 12). The charges were later dismissed. (Complaint at ¶ 71).

Pioneer abated operations on the Subject Land until November 5, 2005. (Complaint at pp. 13-14). On November 5, 2005, after obtaining assurances from the

Defendants that they would not interfere, Pioneer resumed drilling. (Complaint at p. 14). Pioneer completed drilling on the Subject Land on November 7, 2005. (Complaint at pp. 14-15). Pioneer "was delayed in its ability to conduct its business on the Subject Lands for a total of 40 days." (Complaint at ¶ 75).

Pioneer initiated this lawsuit on December 1, 2005. Pioneer alleges claims for: (1) breach of contracts, (2) breach of duty of good faith and fair dealing, (3) intentional interference with contractual obligations, (4) assault, and (5) defamation. (*See* Complaint at pp. 15-20). Pioneer seeks declaratory and injunctive relief, punitive damages, attorney fees, and costs. (*See* Complaint at pp. 20-22).

Defendants have alleged a single "Counterclaim" pursuant to 42 U.S.C. § 1983, alleging the filing of false criminal charges, breach of contract, trespass, libel, and slander, all pursuant to 42 U.S.C. § 1983. (*See* Defendants' Verified Answer and Counterclaim (doc. # 8) at pp. 6-8).[2] Defendants have since represented to Pioneer that they "are asserting alternatively under state law and Section 1983 counterclaims for false arrest, defamation arising from the false arrest, breach of contract, and trespass." (Motion to Dismiss at pp. 6-7).

II.   Pioneer's Motion to Dismiss

A.   Standard of Review

Pioneer moves pursuant to Fed. R. Civ. P. 12(b)(6) for dismissal of Defendants' Counterclaim for failure to state a claim upon which relief may be granted under § 1983. Rule 12(b)(6) states that a court may dismiss a complaint for "failure to state a

claim upon which relief can be granted." When reviewing a Rule 12(b)(6) motion to dismiss, the court accepts the well-pleaded allegations of the complaint as true and construes them in the light most favorable to the plaintiff. *Ramirez v. Dep't of Corrections*, 222 F.3d 1238, 1240 (10th Cir. 2000) (citation omitted). A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

B.    Analysis

1.    Color of State Law

Title 42 U.S.C. § 1983 provides a civil cause of action for individuals who are deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by a person acting "under color of law." *Adickes v. SH Kress & Co.*, 398 U.S. 144, 147, 150 (1970). To assert their claim under § 1983, Defendants must allege a deprivation of a federal or constitutional right by a person acting under color of state law. *Watson v. City of Kansas City, Kan.*, 857 F.2d 690, 694 (10th Cir. 1988). Section 1983 does not impose liability in the absence of action taken under color of state law. *Adickes*, 398 U.S. at 150. *See also American Manufacturers Mutual Insurance Co. v. Sullivan*, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful' "*).* If the conduct of Pioneer does not qualify as state action, then the inquiry into § 1983 liability ends. *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982).

"The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks and citation omitted). Purely private acts are not considered acts under color of state law unless that conduct is furthered by actual or purported state authority. *Jojola v. Chavez*, 55 F.3d 488, 493 (10th Cir. 1995). *See also Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982) (court must determine whether private party's "conduct has sufficiently received the imprimatur of the State so as to make it 'state action' for purposes of the Fourteenth Amendment").

The Supreme Court "has taken a flexible approach to the state action doctrine, applying a variety of tests to the facts of each case," *Gallagher v. "Neil Young Freedom Concert,"* 49 F.3d 1442, 1456 (10th Cir.1995), including: (1) the "public function" test, (2) the "nexus" test, (3) the "joint action" test and (4) the "state compulsion" test. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982). "Under each of these four tests, 'the conduct allegedly causing the deprivation of a federal right' must be 'fairly attributable to the State.' " *Gallagher*, 49 F.3d at 1447-48 (quoting *Lugar*, 457 U.S. at 937). A private individual's conduct is "fairly attributable to the state" if two conditions are met: "[f]irst, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the state is responsible. Second, the private party must have acted together with or . . . obtained significant aid from state officials or engaged in conduct otherwise

6

chargeable to the State." *Pino v. Higgs*, 75 F.3d 1461, 1465 (10th Cir. 1996) (internal quotations and citation omitted). "Regardless of the test applied, the elements outlined in *Pino* must be present for conduct to be considered state action." *Scott v. Hern*, 216 F.3d 897, 906 (10th Cir. 2000) (citation omitted).

In their response to Pioneer's Motion, Defendants state that they "would show that Pioneer acted jointly with the Las Animas County [S]heriff's Department to arrest and prosecute the Gatzas" and that "[t]his constitutes under color of state law [sic]." (Defendants' Response to Pioneer's Motion to Dismiss at p. 2). Defendants' statement is conclusory and unsupported by any factual allegations in the pleadings. "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall*, 935 F.2d at 1110 (citations omitted). Defendants have not alleged any relationship between Pioneer and the state such that Pioneer's alleged conduct could be "fairly attributable to the state." Defendants' Counterclaim does not allege any facts that suggest that Pioneer was functioning in any capacity other than as a private actor. Even construing the Counterclaim in a light most favorable to Defendants, the court concludes that Defendants have not adequately alleged that Pioneer acted under color of state law. To the extent that Defendants' Counterclaim against Pioneer is based on § 1983, it is properly dismissed for failure to state a claim.

2. Defendants' Claims for False Arrest and Defamation

Defendants allege that Pioneer is liable under § 1983 for false arrest and

7

defamation arising from the false arrest because "Donald Gatza and Todd Gatza were arrested by the Las Animas County Sheriff's Department at the request of Plaintiff and its agents." (Defendants' Verified Answer and Counterclaim at pp. 6-7).

"A private individual does not engage in state action simply by availing herself of a state procedure." *Scott v. Hern*, 216 F.3d at 906. *See also Pino*, 75 F.3d at 1465-66 (private therapist did not exercise "some right or privilege" or act under a "rule of conduct" created by state law when she made a report "of noncriminal activities requiring a response from state officials"). An individual does not act under color of law merely by reporting an alleged crime to police officers who take action thereon. *See Benavidez v. Gunnell*, 722 F.2d 615, 618 (10th Cir. 1983) ("We know of no case in which the report of a state crime is action under color of state law"); *Carey v. Continental Airlines, Inc.*, 823 F.2d 1402, 1404 (10th Cir.1987) (holding that complaint to police and citizen's arrest by airline employee does not constitute state action). Defendants' Counterclaim for false arrest and defamation arising from the false arrest fails to state a claim under § 1983.

3.     Defendants' Claims for Breach of Contract and Trespass

Defendants allege that Pioneer is liable under § 1983 for breach of contract and trespass. Defendants allege that "Donald and Margie Gatza had entered into a specific contract" and that "Plaintiff failed to pay the agreed consideration. . . in violation of the specific contract . . . ." (Defendants' Verified Answer and Counterclaim at p. 7). Defendants further allege that "Plaintiff committed trespass against the Gatzas by

coming onto the property . . . before paying the Gatzas the agreed amount for surface use." (Defendants' Verified Answer and Counterclaim at p. 8).

"[A] simple breach of contract claim does not give rise to a claim under 42 U.S.C. § 1983." *Gannett Fleming West, Inc. v. Village of Angel Fire*, 375 F. Supp. 2d 1104, 1108 (D. N.M. 2004). *See also Redondo-Borges v. United States Dept. of Housing & Urban Development*, 421 F.3d 1, 10 (1st Cir. 2005) (the First Circuit has "held with a regularity bordering on the echolalic that a simple breach of contract does not amount to an unconstitutional deprivation of property"); *Blackwell v. Mayor and Commissioners of Delmar*, 841 F. Supp. 151, 156 (D. Md. 1993) ("[t]he law is well-settled that an ordinary breach of contract is not actionable under § 1983"). Defendants have not alleged that the State breached a contract or that the breach of contract violated any constitutionally protected interest. "Section 1983 relief is predicated on a denial of a right or interest protected by the Constitution." *Medical Laundry Service v. Board of Trustees of the University of Alabama*, 840 F.2d 840, 843 (11th Cir. 1988) (Roney, Chief Judge, dissenting) (compiling cases holding that breach of contract by the state is not a constitutional deprivation). Defendants have not stated a cognizable claim under § 1983 for breach of contract.

Likewise, Defendants' Counterclaim for trespass is an ordinary state law tort claim that is not actionable under § 1983. "Section 1983 imposes liability for violations of rights protected by the Constitution or laws of the United States, not for violations of duties of care arising out of tort law." *Wise v. Bravo*, 666 F.2d 1328, 1333 (10th Cir. 1981). "Remedies for the latter type of injury must be sought in the state court under

the traditional tort-law principles." *Wise v. Bravo*, 666 F.2d at 1333 (citation omitted). *See also Kelly v. Bencheck*, 921 F. Supp. 1465, 1469 (E.D.N.C. 1996) ("Trespass, while actionable under state law, does not in and of itself constitute a constitutional violation, . . .). Defendants' Counterclaim for trespass "cannot rest solely on the fact that defendants trespassed on [their] property." *Kelly*, 921 F. Supp. at 1469. Defendants have not alleged violation of any interest protected by federal or constitutional law as the basis for their trespass claim. Defendants' Counterclaim for trespass does not state a cognizable claim under § 1983.

III     Pioneer's Motion for Partial Summary Judgment

A.     Standard of Review

Pioneer moves for partial summary judgment on Defendants' Counterclaim alleging trespass under Colorado law and on its First Claim for Relief for breach of contracts.

> Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law.
> To meet the burden of production required to support summary judgment, the movant need only point to those portions of the record that demonstrate an absence of a genuine issue of material fact given the relevant substantive law. Summary judgment will then lie if the movant establishes entitlement to judgment as a matter of law given [the] uncontroverted, operative facts. . . . Factual disputes that are irrelevant or unnecessary will not be counted.
> Where a movant has met the initial burden required to support summary judgment, the non-movant then must either establish the existence of a triable issue of fact under Fed.R.Civ.P. 56(e) or explain why he cannot . . . under Rule 56(f). Conclusory allegations made by a non-movant will not suffice. Instead, sufficient evidence (pertinent to the

> material issue) must be identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated therein.

*Diaz v. Paul J. Kennedy Law Firm*, 289 F.3d 671, 674-75 (10th Cir. 2002) (citations omitted).

B.   Analysis

1.   Defendants' Counterclaim for Trespass under Colorado Common Law

Pioneer moves for summary judgment on Defendants' Counterclaim alleging trespass under Colorado law. In their Response, Defendants do not specifically contest Pioneer's motion regarding the trespass claim.

"[T]respass is simply the physical intrusion upon property of another without the permission of the person lawfully entitled to the possession of the real estate." *Lawrence v. Buena Vista Sanitation District*, 989 P.2d 254, 255-56 (Colo. App. 1999) (citation omitted). Liability for trespass requires a showing that the defendant "intended" to perform conduct that either constituted or caused an intrusion on the property of another." *Burt v. Beautiful Savior Lutheran Church*, 809 P.2d 1064, 1067 (Colo. App. 1990) (citations omitted).

Pioneer possessed the right to conduct oil and gas activities on the Subject Land: (1) under the June 25, 1997 Oil and Gas Lease that was entered into by the Gatzas' and Pioneer's predecessors in interest and was binding on the Gatzas and Pioneer, (2) under the Apodaca Oil and Gas Lease and the Chavez Oil and Gas Lease

by way of the cotenancy relationship between the three mineral estate owners of the Subject Land, and (3) as the unit operator under the Sangre de Cristo Unit Agreement, approved by the United States Department of the Interior.  (*See* Exhibits 1, 2, 3, 4, 5, 6, and 7 to Pioneer's Motion for Partial Summary Judgment).  In light of Pioneer's rights to conduct oil and gas activities on the Subject Land, Pioneer cannot be held liable for trespass.  *See, e.g., Musser Davis Land Co. v. Union Pacific Resources*, 201 F.3d 561, 568 (5th Cir. 2000) (if defendant "were to conduct a seismic survey on the leased premises as a reasonable and prudent operator, its actions would not constitute a trespass" under Louisiana law); *Peterson v. United States*, 68 Fed. Cl. 773, 778 (2005) (plaintiffs' claim lay in common law trespass where plaintiffs alleged that defendant had used property in which it was not granted a possessory interest pursuant to the lease agreement); *Murphy v. Amoco Production Company*, 590 F. Supp. 455, 458 (D. N.D. 1984) (court found defendant did not trespass on plaintiff's property because defendant's operations were pursuant to an extended lease term).  Pioneer is entitled to summary judgment on Defendants' Counterclaim for trespass.

2.      Pioneer's First Claim for Relief for Breach of Contracts

Pioneer asserts that it is entitled to summary judgment on its First Claim for Relief for breach of contracts.  Defendants respond that Pioneer is not entitled to summary judgment because it did not timely pay the consideration required under the contracts.

"It has long been the law in Colorado that a party attempting to recover on a

claim for breach of contract must prove the following elements: (1) the existence of a contract, (2) performance by the plaintiff or some justification for nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages to the plaintiff." *Western Distributing Company v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (citations omitted).  On or about August 20, 2005, Defendants Donald and Margie Gatza executed a Surface Damage Release with respect to the Subject Land, releasing any and all claims for injuries, losses, or damages to the surface in exchange for a certain sum.  (*See* Exhibit 11 to Pioneer's Motion for Partial Summary Judgment).  Also on August 20, 2005, Defendants Donald and Margie Gatza executed a Right-of-Way Agreement in exchange for a certain sum.  (*See* Exhibit 4 to Complaint).  These two agreements indicate that the consideration was "in hand paid."  However, it is undisputed that Pioneer did not pay the consideration to Donald and Margie Gatza until on or about September 30, 2005.  (*See* Complaint at ¶¶ 37- 41).  The Complaint alleges that a Pioneer representative unilaterally indicated to Donald and Margie Gatza that "they would be receiving a Right-of-Way Agreement, Surface Damages Release, and W-9 form from Plaintiff, . . . that they would have to execute the documents and return them to Plaintiff," and "that no payments would be made under the terms of the Right-of-Way Agreement and Surface Damage Release until Plaintiff received all such documents. (Complaint at ¶¶ 21-23).  The two agreements do not expressly provide for payment of the consideration only after Pioneer received certain documents from Donald and Margie Gatza.  As it is not clear to the court that Pioneer has established all of the elements of its breach of contracts claim, Pioneer is not entitled to judgment

13

as a matter of law on its First Claim for Relief.

For the foregoing reasons, IT IS ORDERED that:

1.  Pioneer Natural Resources Company's "Motion to Dismiss Defendants' 42 U.S.C. § 1983 Counterclaims . . ." (filed February 13, 2006) (doc. # 12) is GRANTED. Defendants' Counterclaims against Pioneer are DISMISSED to the extent that they are based on Title 42 U.S.C. § 1983.

2.  "Plaintiff's Motion for Partial Summary Judgment" (filed March 23, 2006) (doc. # 22) is GRANTED IN PART AND DENIED IN PART. Summary judgment shall enter on Defendants' Counterclaim for trespass under Colorado law. Summary judgment is DENIED as to Pioneer's First Claim for Relief for Breach of Contracts.

3.  This civil action shall proceed on Pioneer's First through Fifth Claims for Relief and on Defendants' Counterclaims brought under Colorado law for false arrest, defamation arising from the false arrest, and breach of contract.

Dated at Denver, Colorado this 1st day of June, 2006.

BY THE COURT:

*s/Craig B. Shaffer*
United States Magistrate Judge

1.      The court may consider the exhibits attached to Pioneer's Complaint without converting this motion brought under Fed. R. Civ. P. 12(b)(6) to a motion under Fed. R. Civ. P. 56 because "a written document that is attached to the complaint as an exhibit is considered part of the complaint and may be considered in a Rule 12(b)(6) dismissal." *Hall v. Bellmon*, 935 F.2d 1106, 1112 (10th Cir. 1991) (citing Fed. R. Civ. P. 10(c)).

2.      There is no trespass claim included in the list of Defendants' claims in the Scheduling Order.  (*See* Scheduling Order at p. 5).